**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **BILL HUBBARD, individually and doing business as, BILL HUBBARD & ASSOCIATES** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 95-396C**<br>**Senior Judge Smith** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S POST-APPEAL BRIEF**

In response to this Court's June 27, 2007 Order, the defendant, the United States, respectfully submits its brief addressing the fee award to which the plaintiff is entitled in light of the decision in Hubbard v. United States, 480 F.3d 1327 (Fed. Cir. 2007), and the remand therein. Specifically, the Court should conclude that Mr. Hubbard is entitled to, at most, $400 in attorney fees given his limited success.

**ARGUMENT**

During a status conference on June 21, 2007, the Court identified the sole issue on remand as the proper calculation of a fee award to the plaintiff under the Equal Access for Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Based upon the Federal Circuit's opinion, this Court should conclude that Mr. Hubbard is only entitled to a limited fee award.

On July 15, 2005, the Court entered judgment for fees and costs totaling $125,186.92. In reviewing this award, the Federal Circuit turned, first, to caselaw regarding a similar fee shifting provision in the Civil Rights Act, 42 U.S.C. §1988. Under that act, courts determine reasonable attorney fees based upon "the number of hours reasonably expended on the litigation multiplied

by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Courts then decide whether to increase or decrease the award based upon other considerations, of which "the most critical factor is the degree of success obtained." Id. at 436. The "extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988. . . .[W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." Id. at 440.

In Hubbard, the Federal Circuit held that the principles articulated in Hensley applied to EAJA awards. Specifically, the court of appeals held that "we see no reason why the foregoing principles there announced should not be equally applicable to the parallel fee-shifting provision" of EAJA. Hubbard, 480 F.3d at 1333. Turning to the Mr. Hubbard's fee award, the Federal Circuit held that this Court did not proceed to the step of "determining whether. . .such fee would be excessive in light of the results achieved." Id. The court of appeals further stated that, "[a]lthough the court properly considered the government's pre-litigation conduct in determining whether the government's position was substantially justified, such conduct did not make irrelevant Hubbard's lack of success in this case." Id.

Mr. Hubbard achieved a very small degree of success in his suit, recovering less than one tenth of 1 percent of the amount he sought. The court went on to state that recovering $110,000 in attorneys fees "on its face seems grossly excessive in light of the small recovery." Id.

Given this holding, the Court must determine the fee award to which Mr. Hubbard is entitled, given his "small recovery."

In Hensley, the Court stated that where a plaintiff does not succeed on all claims for relief, "[Q]uestions must be asked. . . .[D]id the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" 461 U.S. at 434. "[W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." Id. at 440.

Mr. Hubbard achieved only limited success: he was awarded relief on his smallest monetary claim.[1] Looking beyond just the damages received to other factors noted in Hensley, for example the time and labor required and difficulty of the questions, the claim that Mr. Hubbard was awarded relief upon was the least significant of those presented at trial. In another EAJA case, Community Heating & Plumbing Company v. Garrett, the court stated that "[u]nder the theory of apportionment, a contractor who receives only a partial judgment is a 'prevailing' party under the EAJA and may recover a pro rata portion of its fees and expenses." 2 F.3d 1143, 1146 (Fed. Cir. 1993) (citing Naekel v. Dep't of Transportation, Federal Aviation Admin., 884 F.2d 1378, 1379 (Fed. Cir. 1989)). The court, finding documentation that the contractor's attorneys spent approximately 30 percent of their time on the part of the claim that they prevailed on, awarded them 30 percent of their total attorney's fees.

Although the Federal Circuit concluded that "mechanical mathematical analysis" is not required, Hubbard, 480 F.3d at 1334, it certainly provides some guidance as to what would

[1] Indeed, because the plaintiff's claim for damages for the broken concrete was completely separate from his claim for damages related to the move of the rental office, fees incurred in pursuing the largest of the plaintiff's claims are properly excluded from the award. See Hensley, 461 U.S. at 440 ("Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee.").

constitute a reasonable EAJA award. Plaintiff recovered $400 out of approximately $625,000 that he sought, or .o6 percent. On a proportional basis, plaintiff would be entitled to a fee award of $80.11.

As a matter of law, for a fee to be "reasonable in relation to the results obtained," Hensley at 440, it cannot exceed the underlying damage award. To hold otherwise would be to conclude that there need be no relationship between the plaintiffs' recovery and the fees awarded. Indeed, eliminating the link between damages awarded and fees permitted would create the perverse situation whereby a plaintiff may spend more on the litigation than it may ever hope to recover. Permitting such a recovery would allow a plaintiff to use the EAJA as a means of coercing a larger award than the plaintiff would otherwise be entitled. For example, if a plaintiff was entitled to a $1,000 damage award in a case such as this, wherein the plaintiff complained of the Government's bad faith in the performance of a contract, the plaintiff might seek more than $1,000 in settlement, threatening the Government with the prospect of a significantly higher fee award should the case go to trial. Thus, the Government would face the choice between a $1,000 damage award and a $50,000 legal bill, or $10,000 settlement – even though the plaintiff was only properly entitled to $1,000.

Thus, permitting a fee award greater than the damage award would create unfortunate economic incentives for plaintiffs to pursue cases unnecessarily, wasting judicial resources. By capping fee awards at the amount actually recovered, the Court would reduce such incentives.

## CONCLUSION

Under the EAJA, reasonable attorneys fees must be determined in light of the degree of success of Mr. Hubbard's suit. Relief was given in a very small aspect of the case, and the amount was minuscule in comparison to the amount of relief requested in the litigation. If

attorneys fees are not calculated in rough proportion to the percentage of relief awarded, then, at most, they should be capped at the plaintiff's damage award in order to be reasonable.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

/s Jeanne E. Davidson

JEANNE E. DAVIDSON
Director

/s Kenneth M. Dintzer

KENNETH M. DINTZER
Assistant Director
Commercial Litigation Branch
Civil Division
United States Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530
(202) 514-7300

July 16, 2007

Attorneys for Defendant-Appellant

**CERTIFICATE OF FILING**

I hereby certify that on the 16th day of July 2007, a copy of "DEFENDANT'S POST-APPEAL BRIEF" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Kenneth M. Dintzer